Mr. Justice ClaytoN
delivered the opinion of the court.
One L. C. Temple executed a deed of trust in Tennessee, upon certain slaves in Madison county, in this state, to John Tillman. The deed was proven to have been duly executed, by the two subscribing witnesses, before the county court of Bedford county, Tennessee, and this probate was certified by the clerk. Th.e deed was recorded upon the production of this certificate in Madison county, in March, 1838, some twenty days after the execution of the instrument.
*266 The slaves were taken to New Orleans by Temple, and in February, 1840, were there purchased by the defendant, and subsequently brought to Hancock county, in this state. This suit is brought for their recovery. The defendant insists that he is a bona fide purchaser for valuable consideration without notice.
The only notice attempted to be shown, is that which arises from the recording of the deed of trust. It is insisted for the defendant, that this registration was made without the probate required by the statute, and that it is therefore a nullity.
The putting a deed upon record, in a manner not authorized by law, is not a registration, and does not constitute notice to a purchaser. Thompson v. Thompson, 2 How. 745. The question then arises as to the legality of the registration.
The statute directs, “ that all deeds of trust and mortgages whatsoever shall be void as to all creditors and subsequent purchasers for valuable consideration without notice, unless- they shall be acknowledged or proved, and lodged with the clerk of the county court of the proper county, to be recorded according to the directions of this act.” Hutch. Code, 605, sec. 3. The only statute in this state, in force at the time of these transactions, in regard to the registry of deedg executed by persons residing out of the state, for property within it, authorizes them to be recorded upon acknowledgment or proof, “ made before and certified by the chief justice of the United States, any judge of the supreme court of the United States, or district judge of the same, or'any judge or justice of the supreme or superior court of any state or territory in the Union.” Hutch. 608, sec. 13. The authority was subsequently extended to other persons, but that cannot influence the decision in this case. Hutch. 617. The probate of this deed was not made before any one authorized by the statute to take it, as the law, prior to 1841, did not embrace .county courts. The effect of the statute of 1841 is laid out of view, all the rights having accrued before its passage.
It follows that the deed was not recorded, according to the directions of the statute, and is void as to a purchaser for valuable consideration without notice. This suit cannot, therefore, be sustained.
*267 The decision of this point disposes of the whole case, and makes it unnecessary to consider any other.
The decree dismissing the bill is affirmed.